IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY FELIX AVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-0784 |
| | § | |
| AMERICAN COLOR GRAPHICS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This national origin employment discrimination suit is before the Court on Plaintiff Gary Felix Avila's Amended Motion to Alter or Amend the Judgment [Doc. # 103], and Defendant American Color Graphics, Inc.'s Motion for Sanctions [Doc. # 105]. The motions have been fully briefed and are ripe for determination.[1] Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that both motions should be **denied**.

---

[1] *See* Defendant's Opposition to Plaintiff's Motion to Alter or Amend the Judgment [Doc. # 110], Defendant's Motion to Strike Revised Affidavit of Plaintiff [Doc. # 109], Defendant's Memorandum in Support of Motion to Strike Revised Affidavit of Plaintiff [Doc. # 111], Defendant's Memorandum of Law in Support of Motion for Sanctions [Doc. # 106], Plaintiff's Opposition to Defendant's Motion for Rule 11 Sanctions [Doc. # 104], Defendant's Response to Plaintiff's Opposition to Defendant's Motion for Sanctions [Doc. # 107], Plaintiff's Reply to Defendant's Response to Plaintiff's Opposition to Defendant's Motion for Sanctions, Response to Motion to Strike Revised Affidavit of Plaintiff, and Reply to Defendant's Opposition to Plaintiff's Motion to Alter or Amend the Judgment [Doc. # 112], and Reply to Plaintiff's Opposition to Motion to Strike Revised Affidavit of Plaintiff and Motion for Sanctions [Doc. # 117].

I.  **PROCEDURAL BACKGROUND**

The facts giving rise to this case are set forth in detail in the Court's January 13, 2005 Memorandum and Order [Doc. # 92] (the "Memorandum and Order") and will not be repeated here.  In sum, Plaintiff sued Defendant under Title VII alleging that he was discharged because he is of Hispanic origin.  This Court granted Defendant summary judgment because Plaintiff presented no direct evidence of discrimination, and presented no evidence to raise a fact issue that the legitimate, non-discriminatory explanation provided by Defendant, *i.e.,* that Plaintiff sent a racially offensive e-mail that violated company policy while he was on probation for previous misconduct, was pretext for discrimination.  The Court further found Plaintiff's evidence insufficient to create a fact issue under disparate treatment and "mixed-motive" theories.

II.  **RECONSIDERATION STANDARDS**

A Rule 59(e) motion is a motion that "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *In re TranstexasGas Corp.*, 303 F.3d at 581 (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (internal quotations omitted))).  A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised

before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simmons v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

To satisfy this standard, Plaintiff must "point to controlling decisions or data that the court overlooked – matters, in other words, that might alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see Nat'l Center for Mfr'g Sciences v. Dept. of Defense,* 199 F.3d 507, 511 (D.C. Cir. 2000) (stating that a party moving for reconsideration must show "clear errors of law which compel the court to change its prior position"); *Westbrook v. Commissioner of Internal Revenue*, 68 F.3d 868, 879 (5th Cir. 1995) ("Reconsideration of proceedings is generally denied in the absence of 'substantial error' or 'unusual circumstances.'" (citation omitted)). "A motion for reconsideration is not granted 'to resolve issues which could have been raised during the prior proceedings." *Westbrook*, 68 F.3d at 879 (citation omitted); *see also Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).

### III. ANALYSIS

#### Plaintiff's Reconsideration Motion

Plaintiff contends that the Court made clear errors of law and fact in dismissing his claims. In support of his motion, Plaintiff submits his own affidavit, revised from the one he submitted in response to Defendant's Motion for Summary Judgment.[2] The Court will

---

[2] Plaintiff's revised affidavit is dated February 28, 2004, but in the pending motion, it is cited as February 28, **2005** (emphasis added). No February 28, 2004 affidavit has ever been filed in this case and Plaintiff's current motion was filed March 1, 2005. Therefore, the Court
(continued...)

not consider on reconsideration a new affidavit containing allegations that were within Plaintiff's personal knowledge at the time of the original motion. This is not "new evidence" that warrants reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479; *Westbrook*, 68 F.3d at 879.

Plaintiff objects to certain evidentiary rulings in the Memorandum and Order. Plaintiff's objections lack merit. First, Plaintiff misconstrues the questioned rulings. Specifically, Plaintiff states that the Court erred in concluding that certain statements by Jeannie Hernati and Cliff Nunley (offered by Plaintiff in opposition to Defendant's summary judgment motion) were inadmissible hearsay. In fact, the Court did not exclude this evidence. The Court considered this evidence in its analysis in its Memorandum and Order, but held that Hernati's and Nunley's statements were not direct or persuasive evidence of Kalata's racial animus, nor evidence of Defendant's discriminatory motive in terminating Plaintiff. *See* Memorandum and Order, at 14-16. The Court declines to reconsider its evidentiary rulings.

---

[2]    (...continued)
assumes the "2004" date on the Affidavit notary's signature line is a typographical error. In any event, Defendant has moved to strike Plaintiff's revised affidavit on the grounds that it contradicts Plaintiff's prior deposition. As discussed in detail in note 1 of the Court's Memorandum and Order on Defendant's summary judgment motion, Plaintiff, through counsel, elected to "stand on his deposition" rather than undertake the expense of a reconvened deposition. Memorandum and Order, at 1-2 n.1. Plaintiff's election during discovery in this case thus precluded his reliance on potentially material aspects of his original affidavit. *Id.* For those reasons, as well as the rationale set forth in the paragraph in the text accompanying this footnote, the new information in Plaintiff's revised affidavit is not "new evidence" under Rule 59. The Court declines to consider Plaintiff's revised affidavit. Defendant's motion to strike [Doc. # 109] is **granted.**

Aside from attempting to bolster his position with a revised affidavit and attacking the Court's evidentiary rulings, Plaintiff's motion raises merely the same arguments he asserted in response to Defendant's summary judgment motion.  First, Plaintiff argues that he has presented direct evidence of discrimination and is entitled to a trial.  The Court addressed and rejected this contention in its Memorandum and Order.  Plaintiff provides no new authority that persuades the Court that its characterization of (or conclusions concerning) the evidence on summary judgment was erroneous.[3]

Plaintiff further purports to point out factual errors in the Court's analysis and appears to rely on a mixed-motive analysis.  In reality, he simply disagrees with the Court's conclusions.  For example, Plaintiff says that the Court erred in finding that there was no evidence that the termination decision-makers knew Plaintiff had previously complained to his superiors about racial harassment.[4]  However, the deposition reference cited by Plaintiff does not contradict the Court's finding in this regard in any way.  The Court reviewed and

---

[3]  Direct evidence of discrimination is that which shows that the employer actually relied on the plaintiff's race or national origin in making its adverse employment decision. *See Haas v. Advo Sys., Inc.*, 168 F.3d 732, 734 n.2 (5th Cir. 1999).  In *Haas*, the court held that the statement by a person involved in the hiring process, who was not the ultimate decision maker, that his "concerns about hiring [plaintiff] were [his] age," were closely connected in subject matter and time to the employment decision and precluded summary judgment.  However, the court held that the statement in issue was ***not*** direct evidence of discrimination. *Id.* at 734.  In this case, the comments by Hernati and Nunley that Plaintiff attempts to attribute to Kalata, like the comment in *Haas*, are not direct evidence.  Unlike in *Haas*, the comments were also not closely related in time or in subject matter to the challenged employment decision.  They are not sufficient to preclude summary judgment.

[4]  Plaintiff's Motion, ¶ 14 and n.1.

considered the effect of the evidence of record in this regard in reaching its conclusion. Plaintiff's position is simply a rehash of his prior unpersuasive argument.

Plaintiff also contends it was error for the Court to hold that any racial animus[5] held by Rhonda Kalata could have no bearing on the termination decision because she was not the moving force behind the termination.[6] Plaintiff argues that the Court's statement indicates it applied an erroneous legal standard.[7] Plaintiff's arguments are unsupported by the record. The Court did not hold that Kalata's racial animus was irrelevant because she was not the moving force behind the decision. The Court ruled that Plaintiff's evidence of bias by Kalata was minimal and, based on Plaintiff's own testimony, the evidence was not probative of bias. At best, Plaintiff presented only ambiguous, if not irrelevant, information in support of his claim of "direct evidence" of bias by a decision-maker. The summary judgment record contains only a scintilla of evidence about Kalata's allegedly biased intent, and is insufficient to support a jury verdict in Plaintiff's favor on his national origin discrimination claim. Plaintiff's arguments in response to Defendant's summary judgment motion and on reconsideration fail to address a fundamental issue in this case: Plaintiff was on probation, and had received a zero-tolerance warning, based on conduct and assessments

---

[5]  Plaintiff uses the terms racial animus and national origin discrimination interchangeably. Plaintiff alleged national origin discrimination in his EEOC charge and Complaint.

[6]  *Id.* ¶15 and n.2.

[7]  Presumably, Plaintiff is arguing that the mixed motive analysis was improper because he presented direct evidence of discrimination. The Court rejected Plaintiff's direct evidence argument, and thus analyzed the case under both traditional "pretext" and the modified mixed-motive "motivating factor" standards.

about his performance by others than Kalata.[8]  Plaintiff's subjective belief that Kalata was motivated to fire him because of his national origin is insufficient to support a verdict in Plaintiff's favor and does not satisfy his burden on reconsideration to demonstrate that this Court has made an error of fact or law that would change the result in this case to defeat Defendant's summary judgment motion.

On reconsideration, Plaintiff also makes much of the fact that Defendant rarely if ever fired employees for minor infractions such as violation of the e-mail policy.  Again, Plaintiff does not present new evidence or authority but merely rehashes prior argument.  Plaintiff still fails to identifies any similarly situated non-Hispanic employee whom Defendant treated differently from Plaintiff under similar circumstances.  Unlike any other employee he identifies, Plaintiff was on probation at the time of the incident that caused his termination.[9]  Plaintiff's conclusory and unsupported assertions of bias are founded on inaccurate

---

[8]  In addition to the plain weaknesses of Plaintiff's theory and the skimpy evidence of bias based on his national origin, Plaintiff also ignores the undisputed probative evidence of Kalata's lack of bias.  For instance, Plaintiff in his deposition characterized Kalata's comments about firing him as "joking around."  There was no evidence in the record that Kalata's alleged "I ought to fire you" comments, even if not merely playful banter, were related to his Hispanic origin.  Plaintiff presented evidence of Nunley's subjective opinion of Kalata's views, not direct evidence of Kalata's actual bias.  It was unclear what support Nunley had for his opinion.  Notably, it was Kalata who hired Plaintiff in the first place in December 2000, despite criminal charges pending against him for drunk driving, and who recommended him for a raise in July 2002, despite his April corrective actions, making him the highest paid preflight specialist in the Houston office.  Furthermore, after Plaintiff's termination, it was Kalata who recommended another Hispanic, Robert Torres, as Plaintiff's replacement.

[9]  Plaintiff contends "the mere fact that these individuals [Cliff Nunley and Bryan Conlin] were the members of the Defendant's management team, were white, and were allowed to send e-mails that disparaged individuals based on their national origin is evidence enough to raise a fact issue on the Defendant's affirmative defense."  *Id.* ¶ 25 and n.6.

conception of the law regarding similarly situated employees and do not warrant alteration of the Court's rulings.

### Defendant's Sanctions Motion

Defendant seeks sanctions against Plaintiff and his counsel for filing a motion to alter or amend the judgment in this case that misrepresents the facts and law. Although the Court concludes that the motion for reconsideration is without merit, it declines to rule that Plaintiff's counsel has crossed the line from zealous advocacy to making willful misrepresentations to the Court. The Court denies Defendant's motion for sanctions.

### IV. CONCLUSION AND ORDER

Plaintiff has failed to meet his burden under Rule 59(e) to show that the Court's January 13, 2005 Memorandum and Order contains legal or factual errors. There is no reason to alter that ruling. It is therefore

**ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment [Doc. #103] is **DENIED**. It is further

**ORDERED** that Defendant's Motion for Sanctions [Doc. # 105] is **DENIED**.

SIGNED at Houston, Texas, this **26th** day of **April, 2005.**

_____
Nancy F. Atlas
United States District Judge